IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 15-00520-SOM-01 |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | SILOMIGA MALAE'S MOTION FOR |
| | ) | COMPASSIONATE RELEASE |
| | ) | |
| vs. | ) | |
| | ) | |
| SILOMIGA MALAE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT SILOMIGA MALAE'S
MOTION FOR COMPASSIONATE RELEASE**

**I.      INTRODUCTION.**

In 2016, this court sentenced Defendant Silomiga Malae to 140 months of incarceration, five years of supervised release, and a $100 special assessment on one count of having conspired to distribute and possess with intent to distribute 50 grams or more of methamphetamine.  *See* ECF Nos. 125-26.  Malae is incarcerated at the minimum security satellite camp at Dublin FCI in California.  She has served approximately 52 months of her sentence and has a projected release date of November 9, 2026.  *See* ECF No. 140, PageID # 917; https://www.bop.gov/inmateloc/ (input Register Number 99956-022-0122) (last visited April 7, 2021); ECF No. 135, PageID # 776.

Malae moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The primary basis for her motion is the COVID-

19 pandemic. Malae contends that several underlying medical conditions make her vulnerable to severe complications if she contracts COVID-19. After considering Malae's medical conditions, the time remaining on her sentence, and her history, this court concludes that she has not demonstrated that extraordinary and compelling circumstances warrant a reduction in her sentence.

**II.      ANALYSIS.**

Malae's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must (1) find that the defendant exhausted her administrative remedies or that 30 days have passed since she

filed an administrative compassionate relief request; (2) also find, after considering the factors set forth in section 3553(a), that extraordinary and compelling reasons warrant a sentence reduction; and (3) find that such a reduction is consistent with Sentencing Commission's policy statements (assuming there are any policy statements applicable to this motion).  *See United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).

### A. Malae Has Satisfied the Time-lapse Requirement of 18 U.S.C. § 3582(c)(1)(A).

Malae represents that she submitted an administrative compassionate release request to the warden of her prison in October 2020, more than 30 days before she filed this motion. ECF No. 135, PageID # 780.  The Government argues that she has not submitted any evidence of that request and therefore contends that she did not properly satisfy the exhaustion requirement. *See* ECF No. 139, PageID # 890.  However, the Government points to no reason why this court should not accept Malae's representation with respect to submitting a compassionate release request to her warden.  The Government does not even say that it checked with the warden or the Bureau of Prisons ("BOP") to see whether such a request was made.  Because this court views the administrative exhaustion requirements as an affirmative defense, this court rules that the Government has not met its burden on this motion of demonstrating that Malae failed to submit such a request.  *See United States v. Akolo*, 2020 WL 4810104, at *2-*3 (D. Haw. Aug.

18, 2020). Even if the burden were on Malae to demonstrate that she satisfied the prison exhaustion requirements, the court accepts her representation on this point under the circumstances and therefore deems the prison exhaustion requirement of § 3582(c)(1)(A) to have been satisfied.

> **B. This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

This court turns to § 3582(c)(1)(A)'s second requirement: whether extraordinary and compelling reasons warrant a sentence reduction. In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

This court has also stated that, in reading § 3582(c)(1)(A) as providing for considerable judicial discretion, the court is well aware of the absence of an amended policy statement from the Sentencing Commission reflecting the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions. *United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103, at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3

4

(D. Haw. May 29, 2020). Specifically, this court has recognized that an Application Note to a relevant sentencing guideline is outdated. This court continues to view its discretion as not limited by Sentencing Commission pronouncements that are now at odds with the congressional intent behind recent statutory amendments. *Mau*, 2020 WL 6153581; *see also United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020) ("[W]e read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *cf. United States v. Ruffin*, 978 F.3d 1000, 1007-08 (6th Cir. 2020) (noting that some courts have held that the Application Note is not "applicable," but not deciding the issue).

The Ninth Circuit has just expressly recognized that there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A). Nevertheless, while the Sentencing Commission's statements in U.S.S.G § 1B1.13 are not applicable policy statements that are binding on this court, they may inform this court's discretion. *See United States v. Aruda*, __ F.3d __, 2021 WL 1307884 at *4, (9th Cir. Apr. 8, 2021) (per curiam).

**C. Malae Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify Her Early Release, or That the Requested Reduction Would Be Consistent with Any Applicable Sentencing Commission Policy Statement.**

Malae contends that this court should exercise its

5

discretion and find that extraordinary and compelling circumstances justify her early release. She relies primarily on the risks she faces if she contracts COVID-19, which is present at Dublin FCI, where she is housed. While the court acknowledges the seriousness of Malae's concerns, the COVID-19 pandemic does not justify early release at this time.

Dublin FCI houses 887 inmates, with 99 inmates in its satellite camp. *See* https://www.bop.gov/locations/institutions/dub/ (last visited April 8, 2021). As of the morning of April 8, 2021, Dublin FCI and its camp have 2 active cases of COVID-19 in its inmate population and no active cases of COVID-19 in its staff. Dublin FCI and its camp have had 256 inmates and 21 staff members recover from COVID-19. No inmates or staff have died at the facility. *See* https://www.bop.gov/coronavirus/index.jsp (last visited April 8, 2021). While the court cannot tell from the numbers whether the active cases are in the FCI or the camp, they demonstrate that Dublin FCI at one time had a significant COVID-19 problem. Its COVID-19 problem has been reduced but certainly not eliminated. Nevertheless, the relatively low number of current COVID-19 cases does not place Malae at great risk of exposure to COVID-19, even if she is in a camp where social distancing is difficult.

Malae does suffer from conditions that present particular risks relating to COVID-19. Under the CDC's guidance, Malae's severe obesity and possible hypertension may increase her risk of a severe illness if she contracts COVID-19. Malae's high cholesterol and status as a former smoker also potentially increase her risk of contracting a severe case if infected with the coronavirus. That was previously recognized by the CDC, although its guidance has since changed on those conditions. *See* ECF No. 138, PageID #s 820, 826, 829, 831, 845, 857 (sealed medical records indicating that Malae has a BMI of 43.8, has had elevated blood pressure readings, and has had high cholesterol); ECF No. 90, PageID # 381 (indicating a history of daily marijuana use); ECF No. 131, PageID # 767 (indicating Malae smoked for more than 20 years); https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 8, 2021). However, Malae is 44 years old; her age does not place her in the highest risk category. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html ("people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk for severe illness from COVID-19 is among those aged 85 or older.") (last

visited April 8, 2021).  While this court certainly agrees that Malae has legitimate concerns about contracting a severe case of COVID-19, her medical conditions, standing alone, are not an exceptional and compelling reason that warrant a reduction in sentence.

The court notes that the COVID-19 vaccination process at Dublin FCI has begun, with 159 staff and 53 inmates having been fully vaccinated.  *See* https://www.bop.gov/coronavirus (last visited April 7, 2021).  The record does not indicate when a vaccination will be offered to Malae, but it is reasonable to expect that she will have the opportunity to be vaccinated at some point in the near future.  If she receives a vaccine, she will become far less likely to be infected by COVID-19 or to suffer serious complications if infected.  *See, e.g.*, Berkeley Lovelace Jr., *Pfizer Covid Vaccine Blocks 94% of Asymptomatic Infections and 97% of Symptomatic Cases in Israeli Study*, CNBC, March 11, 2021, https://www.cnbc.com/2021/03/11/pfizer-covid-vaccine-blocks-94percent-of-asymptomatic-infections-and-97percent-of-symptomatic-cases-in-israeli-study.html; Alex Knapp, *Lab Study Suggests Pfizer/BioNTech Vaccine Effective Against Variants After Second Dose*, Forbes, March 8, 2021, https://www.forbes.com/sites/alexknapp/2021/03/08/lab-study-suggests-pfizerbiontech-vaccine-effective-against-variants-after-second-dose/?sh.  The possible

availability of the vaccine in the near future is therefore not something that this court can ignore in ruling on Malae's compassionate release request.

In evaluating whether early release is justified, this court also must consider the factors set forth in § 3553(a). Several of those factors weigh against a finding that extraordinary and compelling circumstances justify Malae's early release. Two considerations are particularly relevant. The first is the amount of time Malae has served. Malae has only served about 37% of her 140-month sentence. This sentence was a significant departure from her guideline range of 235 to 293 months of imprisonment, which reflected methamphetamine involvement equivalent to 29,262.70 kilograms of marijuana, her possession of a Glock 19 9mm firearm with ammunition during her offense conduct, her status as a leader and organizer of the drug conspiracy, her acceptance of responsibility, and a criminal history category of II. *See* ECF No. 127.

Second, the court considers Malae's criminal history, which includes a 2002 conviction in this court for conspiracy to distribute in excess of 50 grams of methamphetamine. In 2009, her supervised release was revoked. She was eventually released to a second term of supervised release, which she completed on 2012. *See* ECF No. 90. However, by August 2014, Malae was again involved in methamphetamine distribution. *See* ECF No. 61. Given

this criminal history, this court has concerns that Malae may fall back into criminal conduct.

On the other hand, Malae has made numerous attempts to rehabilitate herself while imprisoned, taking numerous educational and vocational courses. *See* ECF No. 135-2. She has also had no disciplinary issues in the past six months. *Id.* If released, Malae plans to live with her sister and her sister's family in South San Francisco, where she hopes to secure employment utilizing the vocational training she has completed in prison. *See* ECF No. 134, PageID # 795. This may demonstrate that, if released, Malae may be a law abiding citizen, especially if she complies with the terms of her supervised release. Her release plan, however, is not at this point very concrete.

Under § 3582(c)(1)(A), only extraordinary and compelling reasons can justify a reduction in an inmate's sentence. Having considered the amount of time remaining on Malae's sentence, her history, and the totality of the medical information she has submitted, this court determines that the reasons raised by Malae do not rise to the level of being extraordinary and compelling reasons warranting a reduction in her sentence.

**III.    CONCLUSION.**

Malae's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, April 9, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Malae*, Cr. No. 16-00520-SOM-01; ORDER DENYING SILOMIGA MALAE'S MOTION FOR COMPASSIONATE RELEASE